LYDIA C. MEECH v. THE ESTATE OF EZRA MEECH.

*Appeal. Practice. Will. Homestead. Referee.*

If an appeal from the probate court to the county court is entered without giving to the appellee the requisite notice, the practice is not to dismiss the appeal, but to continue the case and give the notice,—the same as under the Probate Act of 1821.

The husband cannot by will devise the homestead right away from his wife and minor children.

No distinction can be made as to the rules applicable to dower and homestead, when the question of election between them and a will arises.

The testator devised by will to his wife for life four acres of land which included the family mansion and grounds. Then a larger tract comprising the four acres within its boundaries is devised in fee to a son, Ezra, with this clause appended to the description:—" excepting from the lands herein devised to Ezra the life estate which I have given to my wife, in about four acres thereof, and the lands and buildings standing on the four acres." The house on the four acres was the homestead, from which the widow's homestead must be taken if she have any. The will stated that the provision for the widow was to be in lieu of dower, and it is *held,* that it was plainly intended to be in lieu of homestead also.

Where parties present to the court an agreed statement of facts, a referee can only find such facts as are the legal result of the facts agreed upon, or as are naturally and legally deducible from them.

THIS was an appeal from the judgment of the probate court setting out a homestead to the appellee. When the appeal was entered the appellee moved that it be dismissed because no notice was ever given to her that an appeal had been prayed for or allowed. Nor was any citation ever served upon her to appear in court to attend to the same agreeably to the statute in such case made and provided.

The court overruled the motion, to which the appellee excepted.

The cause was then referred to Hon. Milo L. Bennett.

It appeared from an agreed statement of facts submitted to the referee that Ezra Meech died September 21st, 1856, leaving surviving him Lydia Meech (the appellee) his widow of a second marriage, two children and three grand-children, and that he left a will dated February 22d, 1855, and two codicils dated respectively July 14th, 1855, and May 6th, 1856, all which were duly admitted to probate in the probate district of Chittenden, December 1st, 1856, from which decree an appeal was taken by Lydia C. Meech, but the decree establishing said will and codicils was duly affirmed and certified. By the will it was, among other things, provided as follows :

" I will and bequeath to my beloved wife, Lydia C. Meech, during her lifetime, the use of my house and about four acres of land, and the buildings thereon, being the garden and the grounds around the house, which are enclosed by cedar trees.      *      *      *
I also give and bequeath to her the following annuity, during her natural life, viz: nine hundred dollars in money,      *      *      *
and I charge upon all my real estate, hereinafter devised to my children and grand-children, the payment of such annuity to my beloved wife, in the manner and proportions hereinafter specified."

" I further give and bequeath to my said wife, one thousand dollars, to be paid to her by my executors within thirty days after my decease, and I direct that the money part of said annuity, viz: nine hundred dollars per annum, shall be paid to her as follows, viz: four hundred and fifty dollars in one year after my decease, and four hundred and fifty dollars at the expiration of every six months thereafter, during her natural life, and the devise and bequests herein made to my said wife, are in lieu of dower."

To Ezra Meech, Jr., (the appellant,) the will then devises in fee two certain parcels of land, the second of which is described by

Meech *v.* Est. of Meech.

boundaries which extend around and embrace the four acre parcel, the use of which for her lifetime was, as above, devised to the said Lydia C. Meech; which devise to said Ezra, Jr., concludes as follows: "Excepting from the lands herein devised to said Ezra, Jr., the life estate which I have given to my wife, in about four acres thereof, and the house and buildings standing on said four acres."

"And the said lands so devised to my son, the said Ezra, Jr., are given upon the express condition that he pay, or cause to be paid to my said wife, the sum of four hundred dollars annually, during her lifetime, in semi-annual payments,     *     *     *     which said sum of four hundred dollars, annually to be paid to my said wife, by the said Ezra, Jr., as above stated, I charge upon the said lands so given and devised to the said Ezra, Jr." Then followed further charges upon Ezra in behalf of Lydia C. Meech; and provisions to the other child and grand-children.

The will made disposition of all the estate of the deceased, amounting to more than $100,000.

Immediately after the judgment in the county court establishing the will, and before any application for setting out a homestead to Lydia C. Meech, she accepted the devises, bequests and legacies in the will given to her.

The homestead set out by the commissioners appointed by the probate court is part of the dwelling house, &c., on said four acre parcel.

The referee reported that he inferred and found from these facts that it was the purpose and intention of Ezra Meech in making the provision in his will for the support and maintenance of his widow Lydia C. Meech, that it should be a full and final provision for her, and was intended by him to be in lieu of all other claims which she as his widow could have upon his estate, to which Lydia Meech excepted on the ground that no such fact was agreed to in the case, and the referee had no right to put in a fact not submitted to him, or infer one not agreed to—and because there is no legal ground to draw such inference.

The court at the April Term, 1864, PIERPOINT, J., presiding, accepted the report and rendered judgment reversing the judgment of the probate court *pro forma,*—to which the appellee excepted.

*Levi Underwood*, for the appellee maintained that the court below ought to have dismissed the appeal, because it was not served upon the appellee as required by the statute.

The view of the referee upon the merits is wholly unwarranted. The homestead is not dower, or anything analagous to it. The right of dower and the homestead are created by different statutes, for different reasons, and are governed by different rules entirely. One is the right of occupancy for life only; the other an estate in fee by inheritance. The husband must clearly express his intention that the provision made for the widow in his will is in lieu of dower, or the widow is entitled to both the provision made for her in the will and dower. C. S. chap. 54, § 5. It cannot be proved by extraneous evidence. 1 Jar. on Wills, 397, original paging, 386, 3 Am. Ed ; *Fuller* v. *Yates*, 8 Paige, 325 ; *Pearson* v. *Pearson*, 1 Bro. C. R. 259 ; *Smith* v. *Kinsburn et al.*, 4 J. C. R. 448 ; *Foster* v. *Cook*, 3 Bro. C. R. 286 ; *Doane* v. *Doane*, 33 Vt. 649. It is only by force of the statute that a widow is compelled to make her election. In relation to the homestead, no such provisions are made by the statute ; no election is required.

The question is clearly presented—whether a will of the husband bequeathing to his wife a life estate in certain lands, embracing within its limits her homestead right, requires her to release and give up her homestead by force of law if she accepts the will, although no such condition is contained in the will?

The facts in the case are agreed to and in writing, and the referee had no right to find any other fact. The legal effect of the facts agreed to is a question for the court. There was no inference of fact to be drawn from them.

*Daniel Roberts*, for the appellant, cited to the question of dismissal *Woodward* v. *Spear*, 10 Vt. 420.

The homestead right is devisable by will of the husband, subject to the common right of the widow to dower. The right of the wife to the homestead is not a title, but a mere contingent right—contingent upon her surviving her husband, and liable to be defeated in the particular property, by the husband's acquiring another homestead—a right altogether in abeyance during the husband's life.

*Howe* v. *Adams*, 28 Vt. 541 ; *True* v. *Morrill, ib.* 672 ; *Davis & Wife* v. *Andrews*, 30 Vt. 678 ; *Doane* v. *Doane*, 33 Vt. 650.

If the testator had no power by will to alienate the homestead from his widow unconditionally and without compensation, the peculiar circumstances of this case exclude her from claiming it.

This case is one where the widow is put to her election to take according to the will, or according to the law irrespective of the will.

ALDIS, J.   The motion to dismiss was properly overruled.   Upon an appeal from the probate court to the county court if the appeal is entered without giving to the appellee the requisite notice, the practice is not to dismiss the appeal, but to continue the case and give the notice.

Under the probate act of 1821 the appeal was taken to the supreme court instead of the county court,—as the supreme court then had appellate jurisdiction in trials of fact both from the county and probate courts ; but the provision, that the appellant should give the notice directed by the probate court, was substantially the same then as now.   The decision in the case of *Woodward* v. *Spear*, 10 Vt. 420, is therefore an authority on this point.   The practice then recognized has been followed ever since.

II.   The intent of the homestead act is to create a home for the poor debtor and his family which shall not be liable for his debts, and which upon the death of the husband shall descend to the widow and minor children.

The spirit of the act and all its provisions indicate, that it was intended that the husband should not have the power by will to devise it away from his wife and minor children.

He cannot alienate or mortgage it without the consent of the wife.   G. S. c. 68, § 10.   If he die leaving a wife and children it shall vest in them free from his debts.   It is not to be divided among his other heirs or go to pay his creditors.   But the home is preserved for the family.

If the widow have dower, the value of her interest in the homestead is to be deducted from the dower.   As the husband by will cannot defeat dower we may well consider that he should not be al-

lowed to defeat the homestead right which so much resembles dower. If a home is to be made for the family why should they be deprived of it at the very time when they may need it most—when the head of the family is taken away? If it is not to be kept for the humane purpose of providing for the widow and minor children, why should it not be appropriated to the purpose of paying honest creditors as well as leave it to the caprice of the husband to dispose of by will? Why should the husband be restrained from deeding or mortgaging it during his life and be permitted to will it away when he dies?

Upon the decease of Judge Meech we have no doubt Mrs. Meech was at liberty to renounce the provisions of the will and elect to have her homestead and her dower.

III.   The bequests in the will were given to her expressly in lieu of dower and it is admitted that by taking them she renounces dower.   But they are not devised by express words in lieu of homestead.   The will says nothing of homestead.   And here the main question in the case arises—are the bequests of the will such as legally operate to exclude Mrs. Meech from homestead in case she accept (as she has accepted) the bequests to her.   Was it the intention of the testator that she should not have both?   If it were, then she must elect which she will have, or rather having accepted the bequests of the will, she must be excluded from homestead.

1.   In determining this question we must seek for the intent of the testator in the will and not *dehors* it.

2.   The intent to exclude the widow from her legal right must *clearly* appear; if it be doubtful, she is not to be excluded.   It is not necessary that this should appear in *express* words.   If the terms of the instrument clearly and plainly imply it—if there are provisions in the will which are inconsistent with the intent of allowing her homestead, then the court will find the intent to exclude.

These rules are well settled as the guides by which the court is led to determine when the widow shall be put to elect whether she will have her dower, or the bequests in the will.   The same rules should apply in determining whether she shall have her homestead right by statute, or the benefit of the will,—dower and homestead are so much alike,—for the same general objects,—that no distinc-

tion can be made as to the rules applicable to them, when the question of election between them and a will arises.

The general subject as to this doctrine of election is well considered in *Streatfield* v. *Streatfield*, 1 Lead. Cas. in Eq. 283, and in the notes of the English and American editors thereto appended.

In *Dodge* v. *Dodge*, 22 Howard's N. Y. Prac. 63, it is held, that when it clearly appears by the will that the testator, after making provision for the widow, has distributed the rest of his estate among the heirs, and that to allow the widow to take both dower and the bequests of the will would materially lessen the shares given to the heirs—then the intent of the testator not to give her both is held to be plainly manifested, and she shall be required to elect.

There the testator willed to his wife for life the homestead in New Hampshire—the rest of his real estate to his children, an annuity to his wife of $400. and made a charge upon shares of his real estate given to two of his children, it was held she should elect—the charging her annuity upon the real estate devised to two of the heirs indicating such intent—and therein they would be injured.

Examining the provisions of the will we find that the four acres which include the family mansion and grounds are given to Mrs. Meech for life. Then a larger tract comprising the four acres within its boundaries is devised in fee to Ezra Meech, with this clause appended to the description : " Excepting from the lands herein devised to Ezra, the life estate which I have given to my wife, in about four acres thereof, and the house and buildings standing on the four acres."

The house on the four acres was the homestead, from which the widow's homestead must be taken, if she have any. If he intended Ezra to have all but Mrs. Meech's life estate in it, and the language admits of no other construction, he could not have intended that she should have a piece severed to her in fee out of the four acres, of the value of $500. The homestead right is inconsistent with this plain provision of the will.

The setting out of such a little piece in fee from the house and grounds of such a mansion, and obliging his son to have a stranger introduced into a part of the old family mansion and grounds is plainly contradictory to what the testator intended in the division of

his property. He meant his widow to have the mansion and grounds for life; and after her decease that Ezra should have the whole of it.

So he charged Ezra's lands with the payment of $400. of the annuity given Mrs. Meech; and the other devisees with their proper proportions. He could not have intended Ezra's share to be still further reduced by the value of the homestead. See 9 Barr. 456,

IV. It has been claimed that the referee has found the fact that Judge Meech intended that the bequests to her should be in lieu of all other claims which she as his widow could have upon his estate, and that his finding should control. As the court came to the same conclusion, the point is not material to the decision of the case; but we deem it proper to say that when parties present to the court an agreed statement of facts, a referee can only find such facts as are the legal result of the facts agreed upon, or as are naturally and legally deducible from them.

Judgment of the county court affirmed and decree of probate court reversed.