\*  *In   re*  BENJ.  B.   HATCH'S   ESTATE;    ELLEN   L. GORDON, APPELLANT.

*Homestead and dower, when barred by other provisions in will.*

1. A devise by the husband does not extinguish the widow's right to homestead and dower, unless it *clearly* appears that such was the intention of the testator.

2. The testator, after making two specific bequests, devised the residue of his property, real and personal, one-third to his wife, two-ninths to his daughter, and four-ninths to his son. *Held*, that the wife would take her homestead and dower also.

3. The widow had occupied and carried on the farm in which she claimed a homestead for several years after her husband's decease, without attempting to have her homestead and dower set out. *Held*, that under the circumstances of this case, she did not thereby lose those rights.

This was an appeal from the judgment of the Probate Court ordering dower and a homestead to be set out from the estate of B. B. Hatch, and was tried by court at the September Term, 1888, Ross, J., presiding. · Judgment of the Probate Court affirmed. Exceptions by the appellant.

B. B. Hatch deceased in 1872. The widow and her minor children continued to occupy the premises until 1877 before she took any steps to have a homestead or dower set out to her. The other facts appear in the opinion.

*T. R. Gordon* and *A. G. Fay*, for the appellant.

It is not necessary that the will should in express terms indicate that the provision made for the widow is in lieu of homestead and dower. It is enough if that appears from the whole will taken together. *Meech* v. *The Meech Estate*, 37 Vt. 414; *Lord* v. *Lord*, 23 Conn. 327; R. L. s. 2219; *Merrill* v. *Emery*, 10 Pick. 507; *Alling* v. *Chatfield*, 42 Conn. 276; *Chalmers* v. *Storil*, 2 Ves. & Bea. 222; *Savage* v. *Burnham*, 17 N. Y. 577; *Tobias* v. *Ketchum et al.*, 32 N. Y. 319;

---

*Heard at the January Term, 1889.

*Vernon* v. *Vernon et al.*, 53 N. Y. 352 ; *Pemberton* v. *Pemberton*, 29 Mo. 408 ; *Pratt* v. *Fulton*, 4 Cush. 174 ; *Lefevre* v. *Toole*, 84 N. Y. 95.

When ample provision is made for the widow and the remainder of the estate otherwise disposed of, the presumption that the widow's devise was in addition to the provision of law is overcome. *Apperson* v. *Bolton*, 29 Ark. 418 ; *Brown* v. *Pitney*, 39 Ill. 468 ; *Worthen* v. *Pearson*, 33 Ga. 385.

*L. F. Wilbur*, for the appellee.

The presumption is, that the bequest is in addition to what the law allows, and that presumption will prevail unless it *plainly* appears that the testator intended otherwise. *Meech* v. *Meech*, 37 Vt. 414 ; *Little* v. *Dwinell*, 57 Vt. 311 ; *Dougherty* v. *Dougherty*, 69 Iowa, 677 ; *Blair* v. *Wilson*, 57 Iowa, 177 ; *Metteer* v. *Wiley*, 34 Iowa, 214 ; R. L. s. 2219 ; *Hathaway* v. *Hathaway's Estate*, 46 Vt. 242 ; *Haven* v. *Haven*, 1 Sandf. 330 ; *Sandford* v. *Jackson*, 10 Pai. Ch. 269 ; *Fuller* v. *Yates*, 8 Pai. Ch. 325 ; *Jackson* v. *Churchill*, 7 Cow. 290 ; *Adsit* v. *Adsit*, 2 Johns. Ch. 448 ; *Smith* v. *Kiniskern*, 4 Johns. Ch. 8 ; *Louis* v. *Smith*, 9 N. Y. 502 ; *Konvalinka et al.*, *Exr.* v. *Schlegel*, 104 N. Y.

The opinion of the court was delivered by

TYLER, J. It appears by the exceptions that the testator, B. B. Hatch, owned a farm situated in Jericho which he used as a homestead down to the time of his decease. The question is whether his widow is entitled to homestead and dower therein, he having made a provision for her in his will, which is as follows :

"Know all men by these presents : That I, Benjamin B. Hatch, of Jericho, in the county of Chittenden, and State of Vermont, being in ill health, but of sound and disposing mind and memory, do make and publish this my last will and testament, hereby revoking all former wills by me at any time heretofore made.

(20)

" All the property, real, personal or mixed, of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease, I devise, bequeath and dispose of in the manner following, to wit:

"My will is that all my just debts and funeral expenses shall be paid out of my estate as soon after my decease as shall be found convenient.

" I give, devise and bequeath to my daughter, Josie E. Hutchins, eight hundred dollars to be paid her six months after my decease, out of my estate.

" I give, devise and bequeath to my daughter, Ellen L. Hatch, eight hundred dollars, to be paid her out of my estate in one year after my decease.

" All the rest and residue of my estate, real, personal, and mixed, of which I shall die seized and possessed, or to which I shall be entitled at my decease, I give, devise and bequeath as follows: one-third to my wife, Mary E., two-ninths to my daughter, Lura E., and four-ninths to my son, Fred N."

The law so carefully guards the homestead that the sole deed thereof by the husband and father is voidable for the benefit of the wife and children who have an inchoate right therein. *Whiteman* v. *Field*, 53 Vt. 554. He cannot devise it away from his widow and minor children. *Meech* v. *Est. of Meech*, 37 Vt. 414. It is exempt from attachment on his debts while he lives, except such as were in existence at the time the deed of the homestead was filed for record. *Gilson* v. *Parkhurst*, 53 Vt. 384. It is not subject to the payment of his debts after his decease, unless they were legally charged thereon in his lifetime.

In this case, by virtue of section 1898, R. L., upon the testator's decease, the homestead vested in the widow, and if there were minor children, in the widow and such children, and on request, it became the duty of the Probate Court having jurisdiction of his estate to cause the same to be set out to them by commissioners.

While a husband and father cannot by will deprive his widow and minor children of their homestead right, the provisions of his will *might* be so clearly expressed to be in lieu of homestead, that his widow would be compelled to choose which she would take, and by electing to take the former, renounce the latter;

but as was said by Aldis, judge, in *Meech* v. *Est. of Meech, supra*, "The intent to exclude the widow from her legal right must *clearly* appear ; if it be doubtful, she is not to be excluded. It is not necessary that this should appear in *express* words. If the terms of the instrument clearly and plainly imply it—if there are provisions in the will which are inconsistent with the intent of allowing her homestead, then the court will find the intent to exclude."

The homestead being intended for the benefit of the widow and the children of tender age, "for the sustenance of the wife and the nurture and education of the minor children," a claim thereto when asserted by them must be met by unequivocal provisions of the will in order to bar them of their right.

In this case the testator could so easily have made the devise to his widow conditional upon her relinquishment of the homestead, or have declared it to be in lieu thereof, that it is at least doubtful whether he did not consider the fact that she would take a homestead by law and make this devise to her in addition thereto.

Dower and homestead are for the same general object and are both highly favored in the law. The former may be but the latter cannot be defeated by the husband's sole deed. The former at the decease of the husband vests in the widow; the latter, in her or the minor children or both. It was held in *Dummerston* v. *Newfane*, 37 Vt. 9, *Grant* v. *Perham*, 15 Vt. 649, and *Gorham* v. *Daniels*, 23 Vt. 600, that the widow's right of dower becomes a present vested estate on the decease of the husband which does not depend on the contingency of the dower being assigned or set out. It is consummate by the husband's death. In this respect homestead and dower stand alike.

The statute, R. L. s. 2219, provides that in certain cases the widow may be barred of dower, while there is no statutory mode of barring her and the children of the homestead. It remains to be considered in this case whether the devise was in lieu of dower—whether there was such a clear and manifest intention in the testator, evidenced by the terms of the will itself, that his

*In Re* Hatch's Estate.

widow should not have her dower and the devise in addition thereto, that she is bound to choose between them. A widow *may* be put to her election by a provision in the will of her husband in lieu of dower or which is inconsistent with dower, for she is not to be suffered to take under the will and also in opposition to it. 1 Bish. Law of Married Women, s. 434; 1 Jarm. Wills, 458.

By the rule of the common law a devise or bequest to a widow is presumed to be in addition to her dower unless it clearly appears that it was the intention of the testator that it should be in lieu thereof. This is upon the ground that the wife has an interest in her husband's estate of which she cannot be divested by a bequest or devise which are considered to be in the nature of gratuities; in other words, a mere gratuity cannot extinguish a legal right.

The question is not what the testator *probably* intended; it is not for the court to determine upon all that is contained in the will whether it is more *likely* that the bequest was intended to be in lieu of dower, or in addition thereto. It must be entirely inconsistent with an intention on the part of the testator that his widow should have dower in his estate.

A case can readily be conceived where a bequest or devise to a widow would be so definite and ample as to preclude the idea that her husband intended she should take the same in addition to dower. If Mr. Hatch had devised to his wife a dwelling house for a home and lands for a means of support or made any other definite provision for her, or had devised all his real estate to his children after providing for his wife's maintenance, she might have been compelled to make an election; but the devise to her is an undivided fractional part of the residue of his estate, and less than that to his son. If, after the two bequests of $800, he had given definite sums to his wife and children, and the estate were insufficient to allow dower and pay the bequests, which he presumably knew, there would have been ground for the argument that a claim for dower was repugnant to the devise. It appears by the appraiser's report that the estate consisted of $8,000 in land

and $1,550 in personal property, and by the commissioners' report that the debts proved against the estate amounted to $3,465. After the first two bequests the testator devised the residue of his estate in such manner that his wife and the children by her take the same fractional parts, respectively, whether she has her homestead and dower or is denied them.

Under the Massachusetts statute if *any* provision is made for the widow in the will of her husband, she must, within six months after the probate of the will, make her election whether she will take such provision or be endowed of his lands, but she cannot take both unless it plainly appears by the will that the testator intended she should have both. This is the reverse of our statute and of the common law rule, and therefore the decisions in that State are not in point.

By the statute of Connecticut the provision must be in lieu of dower, but the court has held that it need not be so expressed in the will, but may be shown by clear implication, thus making the statute of that State, by construction, like our own. Appellant's counsel rely on the case of *Lord* v. *Lord*, 23 Conn. 327, and *Alling* v. *Chatfield*, 42 Conn. 276. In both those cases, however, the intention of the testators to make provision in lieu of dower was apparent. In the former case, in the prefatory part of the will the testator declared his intention to apportion all the estate that had been entrusted to his stewardship, among all persons who had claims on his regard and affection, and that none should enjoy his estate otherwise than as provided in the will. He then gave his wife during her widowhood the use of his dwelling house, garden and lot adjoining, one-half of the rent of his fishery, the use of one-half of his household furniture, twenty shares of bank stock, the income of fifty-seven other shares, a cow, horse and carriage, and charged upon his home farm the annual delivery to her of certain products thereof ample for her support. It was held that these provisions made for the wife were clearly intended to be in lieu of dower. In the latter case, the provision for the widow was definite and ample, and the allowance of her claim for dower would have

defeated an important provision of the will in favor of the testator's children.

Numerous cases have been cited by counsel on both sides, decided by the courts of New York under a statute like that of Connecticut. These decisions vary of course according to the provisions of the various wills under consideration. *Adsit* v. *Adsit*, 2 Johns. Ch. 448, has long been regarded as a leading authority by reason of the learning of the eminent jurist who gave the opinion and of his extensive examination of cases bearing upon this subject. Samuel Adsit in his lifetime owned a large farm and other property. In his will he gave his widow certain household furniture and left $500 in the hands of his executors for her support, and devised the residue of his estate to his children and grandchildren. He leased the farm to E. Adsit and covenanted to sell it to him for $6,000. After his decease his widow accepted the provisions of the will, which were paid to her out of the proceeds of the estate. Within one year after the testator's decease, E. Adsit paid the $6,000 to the executors, who conveyed the farm to him. The question was whether the widow had dower in the farm. Chancellor Kent held that she had and remarked that there was not a single case that contradicted her claim. In the later case of *Smith* v. *Kniskern*, 4 Johns. Ch. 8, the same chancellor laid down the rule that the widow takes both provisions unless the estate is insufficient to support both, or such an inconsistency appears between the provisions in the will and the dower as to make the intention clear and indubitable that both provisions were not to be taken. See also Walworth, Chancellor, in *Fuller* v. *Yates*, 8 Pai. Ch. 325, and *Sandford* v. *Jackson*, 10 Pai. Ch. 266.

Chief Justice McKean in *Kennedy* v. *Nedrow*, 1 Dall. 415, states the rule even more strongly. He says the intent to bar the widow of dower must appear by the *words* of the will and not be inferred from its silence or presumed upon conjecture; for no devise to a wife, even of an estate in fee simple, although ten times more valuable than her dower, will be, of *itself*, a bar of dower, but it will be considered as a *benevolence*, and that

she is entitled to both ; that no relief against this claim can be had in equity, except, " 1st, where the implication that she shall not have both the devise and the dower is *strong* and *necessary ;* 2d, where the devise is *entirely inconsistent* with the claim of dower ; and 3d, where it would prevent the *whole will* from taking effect; that is, where the claim of dower would overturn the will *in toto.*" See also, numerous cases cited in note to *Fuller* v. *Yates, supra.*

We are aware of a line of cases that maintain a different rule from the one above given. In Pomeroy's Eq. s. 502, it is stated that the rule is settled in England by a current of decisions, " that where a testator devises lands, which are by law subject to dower, in express terms to his widow and others —as for example, his children—in equal shares, this provision for an equality among devisees is inconsistent with a claim of dower and creates the necessity for election by the widow." In support of this rule the author cites *Chalmers* v. *Storil,* 2 Ves. and Bea. 222, and other English cases. *Chalmers* v. *Storil* is a leading case on this subject and is often referred to in English and American authorities. In that case the devise was as follows : " I give my dear wife and my two children all my estates whatsoever, to be equally divided among them, whether real or personal." The testator afterwards specified the property devised. Sir Wm. Grant, M. R., held that this disposition was totally inconsistent with the claim of dower and said, " The testator directing all his real and personal estate to be divided equally, the same equality is intended to take place in the division of the real as of the personal estate, which cannot be if the widow takes out of it her dower and then a third of the remaining two-thirds." Mr. Pomeroy in commenting upon this authority says : " Although this rule is sustained by the authority of several direct decisions, it cannot be reconciled with the general principle which underlies all cases of election between a testamentary disposition for the widow and her dower— the principle that a testator is to be presumed to have intended to devise only what belonged to him and what he was able to give away."

*In Re* Hatch's Estate.

In *Colegate's Executor* v. *Colegate*, 23 N. J. Eq. 372, *Chalmers* v. *Storil* and cases that follow it as authority are considered and approved. Jarm. Wills, R. & T.'s Am. notes, 30 *et seq.; Thompson* v. *Burra*, L. R. 16 Eq. Cas. 602. *Bailey* v. *Boyce*, 4 Strob. 84, is a strong case in support of this rule. On the other hand in *Hair* v. *Goldsmith*, 22 S. C. 566, the court said that the right of dower is by operation of law and beyond the control of the husband, but that he may give property to his wife by will upon condition that she surrender her claim of dower, in which case she is put to her election between the legacy or devise and the dower ; that the right of dower is a legal right, and a devise to the widow cannot be held to be in lieu and bar of it unless so declared, or manifestly repugnant to a claim of dower. In each of these South Carolina cases, one in equity and the other at law, the court was divided in its opinions.

From an examination of the above authorities and many others, it is apparent that no general rule can be laid down by which it can be absolutely declared what particular provisions of a will necessarily imply an intention to exclude the claim of dower, but that each case must be determined for itself upon a consideration of the terms used in the will presented for construction. *Hair* v. *Goldsmith, supra.* · Upon this view, many cases that are apparently in conflict are reconcilable.

In the case before us it is not sufficiently clear from the terms of the will that it was the testator's intention to exclude his widow from taking a dower estate if she accepted the provision made for her in the will. The devise is not inconsistent with a dower estate, and therefore the widow was not obliged to make an election. She is entitled to the devise and dower.

It is claimed by defendant's counsel that the widow, having apparently accepted and acquiesced in the provision in the will for a long period of time, has thereby waived her right of dower. It was held in *Barnard et al.* v. *Edmands*, 4 N. H. 321, where a widow moved away from the premises in which her right of dower existed and married a second husband, that it was proper

In Re Hatch's Estate.

to submit to the jury as a question of fact whether, after the lapse of more than twenty-five years, she might not have been presumed to have waived her right.   In the case at bar an accept-ance cannot be presumed from the fact that for several years after her husband's decease the widow resided with her children on the farm and carried it on, for this was consistent with her claim to homestead and dower and may have been in the asser-tion of her right thereto.   She could do no more except to have her homestead and dower defined by metes and bounds.   Had the estate been settled and the farm partitioned among the devisees and she had occupied her share, her acts might have signified an acceptance.

At common law there was no limitation to this right, 4 Kent, 70, and our Legislature evidently contemplated no limitation, for section 2224, R. L., provides that until the dower of the widow is set out in the lands of her deceased husband she may con-tinue to occupy the same with the children and family of the deceased or may receive one-third of the rents, issues and profits of such lands.   See *Holmes* v. *Bridgman, Admr.*, 37 Vt. 28.

Although the testator declared his purpose to dispose of all the estate of which he should die seized, we hold that the devise to the widow must be construed as intended to be in addition to her legal rights, for in the language of the Chancellor in *Adsit* v. *Adsit*, " every bequest can take effect, and every disposition of the will be fulfilled, consistently with the operation of the claim of dower."   In this view of the case there was no occasion for her to waive the provisions of the will.

*The judgment is affirmed and certified to the Probate Court.*