## RE HIRAM BLACKMER'S ESTATE,

### MARY H. BLACKMER, APT.

GENERAL TERM, 1893.

*When the election to take a bequest, not expressed to be in lieu of homestead, will bar the widow from homestead.*
*Bequest of stock dividends for life carries them from testator's death. Same as to rents.*
*What was embraced in home place.*

1  Where a testator devised to his widow the life use of his home place, consisting of about four and one-half acres of land, upon condition that she should pay the taxes, keep the buildings in repair, and not rent, nor suffer any other family to occupy the mansion house; and the will expressed that the bequests to the widow were in lieu of her dower rights but did not express that they were in lieu of home stead; *held*, that the widow could not, after electing to take under the will, claim homestead, for it was the manifest intention of the testator that his grand-son, who was sole heir to the property, should take it intact after the expiration of the widow's life interest.

2.  If a widow, to whom are bequeathed for life the dividends upon certain bank stock in lieu of dower and the provisions of an ante-nuptial contract, elects to take under the will, she is entitled to all dividends accruing after the death of the testator, including those which accrue between the time of his death and the making of her election.

3.  The same rule would apply to rents arising from real estate devised under the same conditions.

4.  And if the probate court has allowed her support, when, by the terms of the will, she was not entitled to it, that fact cannot, the estate being solvent, be considered in determining her rights to such dividends and rents.

5.  *Held*, that upon the agreed statment of facts the small tenement house and pasture were a part of the home place.

Appeal from a decree of the probate court for the district of Rutland, denying to Mary H. Blackmer, widow of Hiram Blackmer, homestead and certain stock dividends and rents. Heard at the September term, 1892, Rutland county, TAFT, J., presiding, upon an agreed statement of facts. Judgment, *pro forma*, that the appellant is entitled to homestead and the stock dividends, but is not entitled to the rents. The executor excepts. The opinion states the case.

*Stewart & Wilds* for the appellee.

By the ante-nuptial agreement the widow contracted that she would not claim a homestead. She must take either under that contract or the will, and by neither does she obtain a homestead. *Sullings* v. *Richmond*, 5 Allen 187; *Milbourne* v. *Ewart*, 5 T. R. 381; *Gibson* v. *Gibson*, 15 Mass. 111; *Miller* v. *Goodwin*, 8 Gray 543; *Wells Estate* v. *Congregational Church, etc.*, 63 Vt. 116.

*J. C. Baker* for the appellant..

A widow is entitled to her statutory homestead unless clearly deprived of it. *Whitman* v. *Field*, 53 Vt. 555; *Mcech* v. *Meech*, 37 Vt. 414; *Gilson* v. *Parkhurst*, 53 Vt.

384; *Re Hatch*, 62 Vt. 300; *Re Wells Estate*, 63 Vt. 116.

The widow would take all dividends accruing after the testator's death. *Bradford Academy* v. *Grover*, 55 Vt. 462; *Baptist Convention* v. *Ladd*, 58 Vt. 95; *Welch* v. *Brown*, 43 N. J. L. 37; *Cooke* v. *Meeker*, 42 Barb. 533; *Williamson* v. *Williamson*, 6 Paige 298; *Lovering* v. *Minot*, 9 Cush. 151; *Sargent* v. *Sargent*, 103 Mass. 297; Schouler's Exr. and Admr., s. 479.

ROWELL, J. The appellant, widow of the testator, was his second wife. They entered into an ante-nuptial contract, whereby she was to have, in lieu of dower, homestead, and all other rights in his estate, three thousand dollars in money, to be paid to her within one year after his death, all the household goods and furniture that he should die possessed of, and the right to remain upon, use, occupy and enjoy his home place, if he had one, and to be thereon supported out of his estate, for the term of one year after his death. Said contract also provided that if the appellant should claim and obtain a homestead out of his estate, notwithstanding said contract, the said sum of three thousand dollars should thereby be diminished to two thousand two hundred and fifty dollars.

After their marriage, and not long before his death, the testator made his will, whereby he gave the appellant, during life, or as long as she remained his widow, his home place in Brandon, consisting of four acres and a half, more or less, and all and singular his household goods, furniture, provisions and other goods and chattels, except a piano, that might be therein at the time of his death, upon condition that she should not rent the mansion house to any family, nor allow any family to reside therein on any condition, and should keep the buildings in good repair, and pay all taxes and assessments imposed on said property during her occupancy thereof. A breach of said condition was to work a forfeiture

of her right to the property, both real and personal. The will also gave the appellant, during life, or as long as she remained his widow, the dividends on the testator's bank stock of three thousand dollars in the First National Bank of Brandon, and it expressly provides that all the bequests to the appellant shall be in lieu of dower and of the provisions made for her by the ante-nuptial contract, but it does not expressly provide that said bequests shall be in lieu of homestead; and one question is, whether the appellant, having elected to take under the will, is entitled to a homestead in addition to what the will gives her.

The remainder of the testator's estate, except legacies of one thousand dollars each to two of his nephews, is intestate, and his grandson is his only heir.

When a will does not express that its provisions for the widow are in lieu of homestead, electing to take under the will does not deprive her of homestead, unless it clearly appears from the will itself that such was the intention of the testator. *Meech* v. *Estate of Meech*, 37 Vt. 414; *In re Hatch's Estate*, 62 Vt. 300; *Wells' Estate* v. *The Congregational Church at Underhill Flats*, 63 Vt. 116.

In the Meech case, the will gave the widow, for life, four acres of land that included the family mansion and the grounds. A larger tract, which included said four acres within its boundaries, was given to the testator's son in fee, excepting the life estate in the four acres given to the widow. The will did not express that the provisions for the widow were in lieu of homestead, but it did express that they were in lieu of dower. The widow, having elected to take under the will, claimed a homestead in addition, which was denied her. The court said that the plain construction of the will was that the son should have all but the widow's life estate, and that the testator could not have intended that she should have a piece severed to her in fee out of the four acres; that the setting out in fee of such a small piece from the

house and grounds of such a mansion, and obliging his son
to have a stranger introduced into a part of the old family
mansion and grounds, was plainly inconsistent with the tes-
tator's intention.

In the case before us we think it clear that the testator
intended that his grandson, his only heir, should take all of
the home place but his widow's life estate therein.   He ex-
pressly prohibited her from renting the family mansion and
from allowing a family to live in it on any condition, and he
imposed upon her the duty of keeping it and the other build-
ings in good repair, and of paying all taxes and assessments
on the property, under penalty of forfeiture for a breach.
This is entirely inconsistent with the idea of her having a
homestead in the premises, which she would own in fee,
and could do with as she pleased.   It may be true that the
presumption is that a testator intends to devise only that
which belongs to him and which he has authority to dispose
of ; but that presumption, if it exists, may be rebutted, and is
rebutted when the will shows that his intention was other-
wise.   Again, the carving out of the heart of the property,
appraised at three thousand four hundred dollars, of a small
piece worth five hundred dollars, with necessary privileges
in the other part, is inconsistent with the testator's intention
as to the distribution of the residue of his property.   It
would, as said in the Meech case. introduce a stranger into
the old family mansion, a thing that he had carefully and
strongly guarded against as far as he could guard against it.

Another question is, whether the appellant is entitled to
the dividends on the bank stock from the death of the testa-
tor till she elected to waive the provisions of the ante-nup-
tial contract and take under the will.   It is well settled that
a tenant for life is entitled to the income of a residue given
in trust, from the death of the testator, because any other
rule would take the income from the tenant and give it to
the remainderman.   *Lovering* v. *Minot*, 9 Cush. 157 ; *Wil-*

*liamson* v. *Williamson*, 6 Paige, 298.    It is clear that the rights of the tenant for life can be no less in a special fund set apart by the testator than in a residuary bequest.    This point is fully sustained by *Sargent* v. *Sargent*, 103 Mass. 297.    There the will directed that certain United States bonds that the testator had should be sold and the avails paid to one in trust, to pay the interest to another for life, with remainder over of the principal ;  and it was held that the tenant for life was entitled to the interest from the death of the testatator.    So under a bequest for life of the interest on British consols, the beneficiary is entitled to the interest from the death of the testator.    *Cogswell* v. *Cogswell*, 2 Edw. Ch. 231.    Specific legacies are considered as separated by the testator from the general estate, and as appropriated at the time of his death, and consequently, from that time, whatever accrues from them belongs to the legatee ; and, therefore, when there is a specific legacy of shares of stock, the dividends belong to the legatee from the death of the testator.    2 Williams on Executors, 1530.    There seems to be no reason why the same rule is not applicable when only the income of stock is given and not the stock itself, certainly as far as common and ordinary dividends are concerned.    Indeed it is not really contended that this is not so ; but it is claimed that the appellant is estopped from taking the dividends in question, for that under the antenuptial contract she was not entitled to support out of the estate during its settlement, and that had there been no will she could not have waived the provisions of that contract and received support, because support is not one of the things that the statute allowing a widow to waive such a contract authorizes her to take, and that she could not take such support under the will, for by electing to take under that she is confined to what it gives her, and that it does not give her support, and that therefore, having in fact received such support when not entitled to it, she is now estopped to

receive said dividends, and that the executor is entitled to retain them, to reimburse in part the expense the estate has been put to in such support.

But we are unable to adopt this view.  The statute gave the appellant eight months after the will was proved in which to make her election, and such further time as the probate court, in its discretion, allowed, and it allowed, or permitted her to have, till she applied for a decree of distribution under the will, which act constituted her election. During this time she had to have support from some source, and she had a right to stand for support on the right of a widow ; and the probate court having allowed her support, the estate being solvent, she is now entitled to the full benefit of that allowance, and cannot be compelled to pay for it in any part by the retention of the seven hundred and fifty dollars dividends in the hands of the executor.  Those dividends are hers under the will, and must be paid to her.

It is conceded that if the tenement house and the pasture are a part of the home place, the use of which is given to the appellant, she is entitled to the seventy-three dollars received for the rent thereof; but it is claimed that whether they are a part of that place or not is a question of fact that has not been determined.  But we regard the agreed facts as determining that question in favor of the appellant, for that statement says that " the home place on Pearl Street, consisting of four and one-half acres, more or less, had upon it, besides the home mansion and necessary outbuildings, a small tenement house that rented for one dollar per month a portion of the time, and also had a small pasture." The will describes the place in substantially the same way, except it does not undertake to state what was upon it, as the agreed facts do.  The agreed facts further state that the tenement house is situated on the extreme back end of the lot, and faces the railroad, and is separated from the rest of the lot by a fence running diagonally across the southwest

corner of the lot, and that the pasture lies between the homestead buildings and the railroad. But this statement does not countervail the other statement and overcome the force we give to it.

The appellee expressly waives all claim in respect of insurance premiums on the property of which the use is given to the appellant, but contends that she should be charged with the accrued and the accruing taxes on the bank stock and the real estate of which she has the life use. But as that question is not presented by the record we do not consider it.

*Judgment reversed, and judgment that the appellant is not entitled to a homestead, but is entitled to the seventy-three dollars rent and the seven hundred and fifty dollars dividends on the bank stock. Costs in this court to the appellee. Judgment to be certified to the probate court.*