Argued at Pendleton, October 30, 1922, affirmed January 16, rehearing denied March 6, 1923.

## FERGUSON ET AL. *v.* HOLBORN ET AL.

(211 Pac. 953.)

**Homestead—Widow's Right to Homestead Paramount to Deceased Husband's Right to Dispose of It by Will.**

1. Under Sections 221–226, 1234, L. O. L., the right of the surviving widow, where there are no minor children, to the statutory homestead, is paramount to the right of the deceased husband to dispose of it by will, and any devise by which he attempts to convey it to other persons to take effect after his death is void as against claim of the widow to have the property set aside to her.

**Wills—Widow not Put to Election Where Will Gives Her Only Life Estate in Husband's Property.**

2. Where, by the terms of a will, the widow is only given a life estate in all or part of the lands of her husband's estate, she is not

---

1. Right to make testamentary disposition of homestead, see notes in 21 Ann. Cas. 248; Ann. Cas. 1914B, 271.

2. On devise or bequest of property in which testator had but a part interest as putting co-owner, who is a beneficiary, to his election, see notes in 92 Am. St. Rep. 695; 30 L. R. A. (N. S.) 644.

put to an election to take either under the will or her statutory right of homestead, but may take both.

**Wills—Widow Qualifying as Executrix and Bringing Suit to Construe Will not an Election to Take Under Will Only.**

3. Where there was nothing in the husband's will, devising to his wife and after her death to his heirs all property which he died possessed of, indicating that he intended the devise to be in lieu of any rights which the wife might acquire under Section 1234, L. O. L., making provision for a homestead to be set off to her as her property, nor any language designed to put her to election, her qualifying as executrix and in good faith bringing suit for the construction of the will under a mistaken belief that she was the only heir *held* not to amount to an election to take under the will.

**Wills—To Apply Doctrine of Election There must be Two Inconsistent Rights to Select from.**

4. To apply the doctrine of election there must be at least two inconsistent rights of interest to select from, and, where only one right exists and the other is a mere supposed right, there is no choice to be made and the doctrine does not apply.

**Homestead—Concealment of Fact of Former Action to Construe Will not a Fraud on Court in Homestead Proceeding.**

5. Where a husband devised all his property to his wife for life with remainder to others, and the wife, in honest belief that she was the sole heir, began an action in the Circuit Court for the construction of the will, which was decided adversely to her, that decree did not prevent her from petitioning the county court for an order setting aside a homestead, and in her failure to inform the County Court of the former proceeding there was no fraud.

**Executors and Administrators—Exemption can be Set Aside Without Citation to Devisees.**

6. Section 1234, L. O. L., does not require a citation to the heirs or a devisee under a will to give the County Court jurisdiction to set aside exempt property, it being a part of the proceedings in the regular administration of the estate, and all parties are bound by it without personal notice.

**Homestead—Statute Does not Provide for Homestead Title in Fee to be Merged in Life Estate.**

7. An estate for life in real property may be merged in a fee-simple title to such real estate; but Section 1234, L. O. L., does not provide any mode for a homestead title in fee to be merged in or swallowed up by life estate.

## From Union: J. W. KNOWLES, Judge.

3. Qualification and acting as executrix as affecting right of widow to election under will, see notes in 4 **Ann. Cas.** 1037; 6 **Ann. Cas.** 636.

In Banc.

This is a suit to vacate a decree of the County Court setting aside a homestead in La Grande, Oregon, to a widow. Plaintiffs appeal from a decree in favor of defendants.

William H. Ferguson died testate, on January 28, 1913, in Union County, Oregon, seized of the property in question, being used by the couple as a residence, and of some other real property, all in La Grande, Union County, Oregon. There were no children living, or born as a result of the marriage, and he was survived by no father or mother, but left surviving him besides Anna Ferguson, his widow, five brothers and a sister, all of the latter living outside the State of Oregon. The devising clause of the will reads thus:

"First: After the payment of all my just debts and liabilities and expenses of administration of my estate, I give, devise and bequeath to my wife, Anna Ferguson for her life and after her death to my legal heirs at law my property of which I die possessed real and personal of every kind and nature and wherever situated."

Anna Ferguson qualified as executrix. On August 25, 1914, after her qualification, she filed a suit in the Union County Circuit Court, as alleged in the complaint herein, claiming "under the terms of the last will and testament," to be the life tenant and owner of the remainder in fee, of all the land inventoried in the estate, as his surviving heir. She was unsuccessful, the court on June 3, 1916, decreeing that she owned no more than a life estate and dismissing the suit. After the rendition of the decree in that cause Anna Ferguson filed an application in the County Court of the State of Oregon for Union County in

the matter of the estate of William H. Ferguson, deceased, for an order setting apart the real property described in the complaint to her as her homestead. On September 5, 1916, the County Court made an order in the estate under the provisions of Section 1234, L. O. L., setting off the property to her as her homestead. At the time of the application and the making of the order, Anna Ferguson and her attorney, Judge Crawford, believing it unnecessary, did not advise the County Court of the proceedings in the suit heretofore mentioned, brought for the purpose of construing the will. No citation was issued to the devisees.

This suit was originally brought by the former defendants as plaintiffs, against Anna Ferguson. Service was made upon her and she answered. Anna Ferguson having died, the suit was revived against the present defendants as the devisees of Anna Ferguson, deceased, except J. R. Oliver, the executor, and brought on for trial. The complaint sets forth the pleadings and decree in the former suit, and also the proceedings and decree of the County Court setting aside the homestead.

Defendants seek to annul the County Court's decree, as fraudulently obtained, for the reason that Anna Ferguson willfully concealed the fact of the claim made by her, and the decree against her, in the Circuit Court, and there was no notice of the proceeding and plaintiffs had no knowledge thereof. Plaintiffs claim to be the owners in fee of the real estate by virtue of the will.

Defendants deny the alleged fraud and assert that Anna Ferguson, as the wife, widow and sole heir at law of William H. Ferguson, deceased, claimed in good faith; that she took not only the life estate, but

the estate in fee in all of the real property of William H. Ferguson, deceased, including the homestead; that Anna Ferguson brought and prosecuted the former suit in the Circuit Court in good faith for the construction of the will; that the prosecution of such suit was not an election on her part to take under the will only; that thereafter she had the right to apply to the County Court and have set apart to her as her property the homestead involved herein; that such application was made in good faith and under the advice of her counsel upon all the disclosed facts; that she fully and fairly disclosed to the County Court all the facts and circumstances entitling her thereto; that thereupon the County Court by order duly set apart the homestead to her as her property; that she then became the owner in fee of the homestead; and that these defendants are the successors in interest of Anna Ferguson, deceased, and the owners in fee of the homestead property.

A demurrer to the answer was interposed. Upon its being overruled plaintiff filed a reply putting in issue the allegations of the answer, except as set forth in the complaint.      AFFIRMED.   REHEARING DENIED.

For appellants there was a brief and oral arguments by *Mr. George T. Cochran* and *Mr. Colon R. Eberhard.*

For respondents there was a brief over the names of *Mr. R. J. Green* and *Messrs. Crawford & Eakin,* with an oral argument by *Mr. Green.*

BEAN, J.—Plaintiffs contend that Anna Ferguson was put to her election to take either under the will or her statutory right of homestead by reason of the fact that the will gave her a life estate in all the prop-

erty of the deceased; that the conduct of Anna Ferguson in qualifying as executrix of the will, and bringing the suit to construe the will and for all of the property, amounted to an acceptance of the will and an election to take under the will; that the order of the County Court setting off the homestead was obtained by fraud upon the court by reason of the failure to disclose to the court the existence and status of the suit.

The defendants claim that title to the property in question passed to Anna Ferguson under the homestead exemption statute by virtue of the decree of the County Court setting aside the property to her as a homestead as her property; and that the devisees of Anna Ferguson, deceased, are the owners in fee of the real estate. We will hereafter refer to the devisees of Anna Ferguson, deceased, as the defendants.

As stated in plaintiffs' brief, there is but one ultimate legal question to be determined. That is, whether Anna Ferguson was compelled to and did make an election to take under the terms of the will. It seems the ruling upon the demurrer to the answer, and the force of the decree of the County Court are embraced in, or governed by, the same question.

It appears to be conceded by all the parties that under the statute the house and lot constituted the homestead of William H. Ferguson, and was the actual abode of himself and wife immediately prior to his death; that his widow was entitled to such homestead, unless she made an election to take under the will and was thereby precluded from claiming the homestead.

1. It will be noticed that William H. Ferguson died in 1913. Therefore, Chapter 112, General Laws of 1919 (Sections 221–226, Or. L.), changing the home-

stead exemption law, and the opinion in *Leet* v. *Barr*, 104 Or. 32 (206 Pac. 548), do not apply to this case. Sections 221–226, L. O. L., together with Section 1234, L. O. L., before the 1919 amendments, as construed by the opinions under those sections, govern the present case. Under the latter sections the right of the surviving widow, where there are no minor children, to the statutory homestead is paramount to the right of the deceased husband of such homestead by will. Any devise by which the husband attempts to convey the homestead to other persons, by will, to take effect after his death, is void as against the claim of the widow to have the property set aside to her. *In re Frizzell's Estate*, 95 Or. 681, 688, 689 (188 Pac. 707); *Wycoff* v. *Snapp*, 72 Or. 234 (143 Pac. 902). In 1 Woerner on Law of Administration (2 ed.), Section 94, quoted by Mr. Justice BENNETT in the Frizzell case, we read:

"The right of the surviving widow and minor children to the homestead premises, is obviously paramount to that of the deceased husband or father to dispose of them, else it would be in his power to defeat the intent and purpose of these laws. Hence a testamentary disposition of the homestead estate, inconsistent with the rights of the surviving family, is void."

2. Where the widow, as in the present case, by the terms of the will is only given a life estate in all or part of the lands of the estate, she is not put to an election to take either under the will or her statutory right of homestead, but she may take both: *In re Gray's Estate*, 159 Cal. 159 (112 Pac. 890); *In re Huelsman's Estate*, 127 Cal. 275 (59 Pac. 776); *In re Whitney's Estate*, 171 Cal. 750 (154 Pac. 855); *Roundtree* v. *Montague*, 30 Cal. App. 170 (157 Pac. 623); *McGowan* v. *Baldwin*, 46 Minn. 477 (49 N. W. 251).

William H. Ferguson, the testator, did not devise the whole property specifically, but employed general words of description and donation in his will.

In 1 Pomeroy's Equity Jurisprudence (4 ed.) Section 489, we read:

"*Prima facie* a testator is presumed to have intended to bequeath that alone which he owned,—that only over which his power of disposal extended. Wherever, therefore, the testator does not give the whole property *specifically,* but employs *general words* of description and donation, such as 'all my lands,' and the like, it is well settled that no case for an election arises, because there is an interest belonging to the testator to which the disposing language can apply, and the *prima facie* presumption as to his intent will control."

3. The conduct of Anna Ferguson in qualifying as executrix and bringing the suit for the construction of the will did not amount to an election to take under the will only. Inference of election from conduct can only take place when the party has full knowledge of all the facts, and of her right of election: *In re Iltz's Estate,* 104 Or. 59 (202 Pac. 409, 206 Pac. 550); *In re Smith's Estate,* 108 Cal. 115 (40 Pac. 1037); *Hodgkins* v. *Ashby,* 56 Colo. 553 (139 Pac. 538, 542).

In 1 Pomeroy's Equity Jurisprudence (4 ed.), Section 515, it is said:

"To raise an inference of election from the party's conduct merely, it must appear that he knew of *his right to elect,* and not merely of the instrument giving such right, and that he had full knowledge of all the facts concerning the properties. As an election is necessarily a definite choice by the party to take one of the properties and to reject the other, his conduct, in order that an election may be inferred, must be done with an intention to elect, and *must show such an intention.* * * "

In 1 Jarman on Wills (6 ed.), page 470, it is stated:

"In order to presume an election from the acts of any person, that person must be shown to have had a full knowledge of all the requisite circumstances, as to the amount of the different properties, his own rights in respect of them, etc.; and a person having elected under a misconception is entitled to make a fresh election. * * "

There is nothing in the will of William H. Ferguson, deceased, to indicate that he intended the devise of the life estate to his wife to be in lieu of any rights which she might acquire under the statute making provisions for a homestead to be set off to her as her property. Neither is there in that testament any language designed to put the widow to her election, nor can any direction to make an election be implied therefrom: *McDermid* v. *Bourhill,* 101 Or. 305 (199 Pac. 610); *Sulzberger* v. *Sulzberger,* 50 Cal. 385. The rule in regard to an election to take under a will is stated in 29 C. J., page 999, Section 483:

"Although the courts of some states have reached the contrary conclusion, in most jurisdictions, if the testator devises a portion of his estate to his widow in lieu of what the law may give her and she accepts it, her statutory rights of homestead are thereby destroyed; but if the will does not state that its provisions for the widow are in lieu of homestead, it has been held that an election to take under the will does not deprive her of homestead, unless it clearly appears from the will that such was the intention of the testator."

See also *In re Gray's Estate,* 139 Cal. 159 (112 Pac. 890); *Herrick* v. *Miller,* 69 Wash. 456 (125 Pac. 974); *Rountree* v. *Montague,* 30 Cal. App. 170 (157 Pac. 623, 627).

After the death of William H. Ferguson, Mrs. Ferguson, acting under the advice of learned counsel,

apparently believed from an examination of the will
that the words therein reading thus : ''After her death
to my legal heirs at law,'' referred to her as his only
heir at law, as there were no children.   Therefore,
she in good faith brought a suit in the Circuit Court
for the construction of the will claiming title in fee
to all of the real estate.   This suit, as the trial court
found, in effect, was brought under a mistaken be-
lief.   She did not have a remedy in the suit instituted
by her to obtain title in fee to the real estate under
the terms of the will.   The truth of this was estab-
lished by the decree in that suit, which has become
final: *Rehfield* v. *Winters,* 62 Or. 299, 306 (125 Pac.
289).   Consequently, her alleged choice of that rem-
edy ''was not an election but an hypothesis'': *North-
ern Assur. Co.* v. *Grand View Building Assn.,* 203
U. S. 106, 108 (51 L. Ed. 109, 27 Sup. Ct. Rep. 27, see,
also, Rose's U. S. Notes).   To the same effect see
also, *Bierce* v. *Hutchins,* 205 U. S. 340, 347 (51 L. Ed.
828, 27 Sup. Ct. Rep. 525).   As stated in *Friend* v.
*Talcott,* 228 U. S. 27, 37 (57 L. Ed. 718, 33 Sup. Ct.
Rep. 505), ''it is impossible to conceive of a right of
election in a case where no such right existed.''   This
rule obtains in this state: *Morris* v. *Sheridan,* 86 Or.
224 (167 Pac. 593) ; *Oregon Mill & Grain Co.* v. *Hyde,*
87 Or. 163, 177 (169 Pac. 791) ; *Rehfield* v. *Winters,*
62 Or. 299, 305 (125 Pac. 289).   We quote the lan-
guage of Mr. Justice McCOURT's opinion, in *In re Iltz's
Estate,* 104 Or. 59 (202 Pac., pp. 413 and 414) :

''Before the waiver of a legal right results, 'There
must be both knowledge of the existence of the right
and an intention to relinquish it.'   *Fairview R. R. Co.*
v. *Spillman,* 23 Or. 587–592 (32 Pac. 588) ; *Parker* v.
*Hood River,* 81 Or. 707–710 (160 Pac. 1158) ; and 27
R. C. L., pp. 908–910.''
    '' * *  The two rights mentioned are not alternatives
or substitutes; consequently the doctrine of election

does not apply in respect thereto. If it did, still no election would be presumed in view of appellant's ignorance of her right to a homestead and absence of intention upon her part to relinquish the same; no rights of third parties having intervened.''

20 C. J., page 21, Section 17, reads thus:

''An election can exist only where there is a choice between two or more inconsistent remedies actually existing at the time the election is made. Hence the fact that a party misconceives his right, or through mistake attempts to exercise a right to which he is not entitled, or prosecutes an action based upon a remedial right which he erroneously supposes he has, and is defeated because of such error, does not constitute a conclusive election, and does not preclude him from thereafter prosecuting an action based upon an inconsistent remedial right. A party does not have two remedies between which he must elect where there is a valid defense to one of them, as where the remedy first sought is defeated by laches or the statute of limitations, although there are decisions inconsistent with this rule. The general rule as to the effect of pursuing a remedy to which a party is not entitled is not in conflict with the rule that one having a choice to two inconsistent remedies is bound by his election, and where a party does in fact have two inconsistent remedies at his command the foregoing rule as to mistake of remedy does not apply.''

Under our statute existing at the ·time of the death of the testator, as construed by this court, where William H. Ferguson left a surviving widow he did not have a devisable interest in the homestead property. Mrs. Ferguson, in so far as the will in question may be claimed to affect her homestead right, in seeking a judicial construction of the terms of the will, was pursuing a phantom according to the adjudication in the former suit.

4. In order for the doctrine of election to apply there must be at least two inconsistent rights or in-

terests to select from. Where only one right exists, and the other is a mere supposed right, there is no choice to be made, and the doctrine of election does not apply.

After the decree in the former suit Mrs. Ferguson applied to the County Court of Union County and had the homestead property set apart to her as her property. Thereupon the fee-simple title to the property vested in her: *In re Iltz's Estate,* 104 Or. 59 (202 Pac. 409–412); *In re Frizzell's Estate,* 95 Or. 687–689 (188 Pac. 707); *Wycoff* v. *Snapp,* 72 Or. 234 (143 Pac. 902). She was not precluded by the former suit or decree from making such application and obtaining the result. Her prosecution of the former suit did not mislead, or prejudice the right of anyone: *Waggoner* v. *Waggoner,* 111 Va. 325 (68 S. E. 990, 30 L. R. A. (N. S.) 644, and note). Her claim to the fee-simple title to the homestead was not inconsistent with her claim to such title to the whole property. The right of homestead of Anna Ferguson was not mentioned or litigated in the former suit.

5. The trial court found, and we concur therein, that there was no fraud in Mrs. Ferguson petitioning to the County Court for the order setting aside the homestead. The former decree of the Circuit Court did not prevent her from so doing. Therefore it was unnecessary for her to inform the County Court in regard to the suit.

6. Section 1234 does not require a citation to the heirs or devisees under the will in order to give the County Court jurisdiction to set aside the exempt property. It was a part of the proceedings in the regular administration of the estate and all parties are bound by it without personal notice. *In re Friz-*

*zell's Estate,* 95 Or. 681, at page 689 (188 Pac. 707, 710), Mr. Justice BENNETT said:

"There is a question made as to whether the probate court had jurisdiction to set aside this property, in the absence of a specific citation served upon the devisees under the will; but we see no reason why there should be such a citation in the matter of the setting aside of real property, any more than there would be a necessity of a citation to the heirs, if personal property were to be set aside, and we think this has never been the practice."

7. An estate for life in real property may, under certain conditions, be merged in a fee-simple title to such real estate; but our statute does not provide any mode for a homestead title in fee, to be merged in or swallowed up by a life estate.

The setting aside of the homestead did not destroy the devise in the will either of the life estate, or the devise of the remainder to collateral heirs, as there was real property of the estate other than the homestead to which the will applies.

We think the opinions cited on behalf of plaintiffs in a carefully prepared brief, which seem to announce a different rule in such cases, are under statutes differing from ours.

It follows that the decree of the Circuit Court should be affirmed. It is so ordered.

AFFIRMED.    REHEARING DENIED.