Argued March 26, affirmed May 26, rehearing denied June 23, 1925.

# H. E. SLATTERY, Admr., *v.* SARAH E. NEWELL.

### (236 Pac. 268.)

**Homestead—Administrator of Wife Entitled to Homestead in Behalf of Her Heirs as Against Claims of Heir of Husband Who Survived Her, and Took Under Void Order of Court.**

   Where wife died after passage of homestead law, order of court setting aside her homestead to husband, being void under provisions of Section 5 of act, providing for descent of homestead, and which was controlling of Section 1234, Or. L., providing that, homestead might be set aside to spouse or minor children, her administrator *held* entitled to possession of homestead for administration, as against sole heir of husband.

See (1) 29 **C. J.** 1010.

From Lane: G. F. Skipworth, Judge.

Department 2.

### Affirmed. Rehearing Denied.

For appellant there was a brief and oral argument by *Mr. C. A. Wintermeier.*

For respondent there was a brief and oral argument by *Mr. H. E. Slattery.*

BURNETT, J.—On June 4, 1921, Emma L. Newell died intestate. At the time of her death she was the owner in fee simple and resided with her husband, H. M. Newell, who survived her, upon Lots 5 and 6 in Block 3 in College Hill Park in Eugene, Lane County, Oregon, the appraised value of which was $1,800. She left a daughter by a former husband together with some grandchildren, descendants of her deceased son. On July 1, 1921, so far as it lawfully could do so, the County Court entered an order set-

1. See 13 **R. C. L.** 665.

ting aside to her widower as his property the above-described real estate, it being her homestead. On the 21st of the same month that court entered an order canceling the first order and again on September 12, 1922, set aside the canceling order. H. M. Newell remained in possession of the property, residing there, and on December 17, 1921, married the defendant, named here as Sarah E. Newell, and continued to reside with her on the premises until his death, which occurred January 23, 1922. She is the sole heir as well as widow of H. M. Newell. She has remained in possession of the property as her residence continuously since his death and offers to and is ready to pay all claims against the estate of Emma L. Newell, her predecessor as the wife of H. M. Newell, and the expenses of administration, provided she is the owner of the real estate, but not otherwise.

The plaintiff is the administrator of the estate of Emma L. Newell, the settlement of which is still pending. The land in question is the only source, if any, from which may be derived the means to pay the claims against the estate. It was agreed in open court that if the plaintiff was entitled to recover he should likewise recover as damages for withholding the same, the sum of $15 per month, being the reasonable rental value thereof during the time the defendant has remained in possesion since the death of her husband on January 23, 1922.

This is an action of ejectment, brought by the administrator to recover possession of the property as that of his decedent, while the defendant asserts that she is the owner and entitled to possession of it as the sole heir of her husband. There is a stipulation as to the facts of which a *résumé* has heretofore been given. The Circuit Court entered judgment

to the effect that the defendant has no interest in the property; that Carrie Sly, daughter, and said grandchildren of Emma L. Newell, the plaintiff's decedent, are the owners of the property, subject to administration; and that the plaintiff as administrator is entitled to the immediate possession of the realty with damages for its detention. From this judgment the defendant appealed.

In brief, the claim of the defendant is, that her husband, H. M. Newell, took the property as the homestead of his first wife, the decedent, it being exempt from execution and set aside to him as his property by order of the County Court above referred to; and that, as he died childless, she was his heir and entitled thereby to the realty in question.

The facts disclose, without dispute, that the property was indeed the homestead of the decedent Emma L. Newell. The law relating to such an estate and its disposition at the time of the death of Emma L. Newell is embodied in Section 5 of Chapter 112 of the Laws of 1919, entitled an act:

"To provide a homestead exemption law and to repeal sections 221, 222, 223, 224, 225 and 226 of Lord's Oregon laws, and all acts and parts of acts in conflict herewith."

Section 5 of that statute reads thus:

"When the owner of any homestead shall die, not having lawfully devised the same, such homestead shall descend free of all judgments and claims against such deceased owner or his homestead estate, except mortgages lawfully executed thereon and laborers' and mechanics' liens, to the person and in the manner provided by law; provided, however, that such exemption shall not extend to any person other than a child, grandchild, widow or husband, and father or mother of the deceased owner; and provided further, such homestead shall be subject to and

charged with the expenses of his last sickness and
for his funeral and the costs and charges of adminis-
tration.''

In *Iltz* v. *Krieger*, 104 Or. 59 (202 Pac. 409, 206
Pac. 550), in the opinion on rehearing written by
Mr. Justice RAND, the court held that inasmuch as
the death of the original homestead owner occurred
before the enactment of 1919 above quoted, the law
should be held in harmony with the cases of *Wycoff*
v. *Snapp*, 72 Or. 234 (143 Pac. 902), and *In re Friz-
zell's Estate*, 95 Or. 681 (188 Pac. 707), and the
homestead must be set aside to the surviving widow
under Section 1234, Or. L., as it then stood. On
the other hand, in *Leet* v. *Barr*, 104 Or. 32 (202 Pac.
414, 206 Pac. 548), decided at the same time, in the
opinion also written by Mr. Justice RAND, the court
arrived at the conclusion that the homestead law en-
acted in 1919 controlled Section 1234, Or. L., requir-
ing property exempt from execution to be set aside
to the surviving spouse or minor children, so that
the homestead should descend to the heirs free of
all judgments and claims, except as provided in Sec-
tion 5 of that act. Commenting on the situation, the
rule is thus established in the opinion on rehearing
in this language, after imputing to the legislature a
purpose to take homesteads out of the operation of
such cases as *Wycoff* v. *Snapp* and *In re Frizzell's
Estate*:

''To carry this purpose into effect, the legislature,
by Section 7 of the act of which Sections 225 and 226
are a part, expressly declared 'that all acts and parts
of acts in conflict herewith are hereby repealed.' So
anything contained in Section 1234, Or. L., in conflict
with the provisions of Sections 225 and 226, Or. L.,
is repealed. Therefore we must look to the provi-
sions of Sections 225 and 226, Or. L., and not to

Section 1234, Or. L., for the law to govern the disposal of a homestead upon the death of its owner, whether such owner died testate or intestate, provided his death occurred since Sections 225 and 226, Or. L., went into effect, and all other exempt property of an estate must be disposed of in accordance with the provisions of Section 1234, Or. L.''

The matter of the devolution of homesteads is treated on the same theory by Mr. Justice BEAN in *Ferguson* v. *Holborn,* 106 Or. 566 (211 Pac. 953).

Applied to this case, the deduction is that the County Court had no jurisdiction over the homestead involved so as to direct its disposition contrary to the law relating to homesteads. Its order, therefore, setting it apart to H. M. Newell was void. By the course prescribed by the homestead law of 1919 it descended to the children of Emma L. Newell because she died after the enactment of that statute. It was part of her estate and the administrator is entitled to its possession for the purposes of administration. The judgment of the Circuit Court is affirmed.      AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and BEAN and BROWN, JJ., concur.