ANDERSON, et al., Appellants, v. ANDERSON, et al.,
Respondents
(NORTHWEST SECURITY NATIONAL BANK
OF SIOUX FALLS, Intervener)
(Two Cases)

(16 N. W.2d 43.)

(File Nos. 8660 and 8671. Opinion filed October 16, 1944.)

**Davenport, Evans & Hurwitz,** of Sioux Falls, for Plaintiffs.

**Odin R. Davis,** of Sioux Falls, for Defendant.

**Caldwell & Burns,** of Sioux Falls, for Intervener.

ROBERTS, J.   Albert Anderson died testate on January 12, 1938, and was survived by his widow and three children. By his will executed June 19, 1933, testator first directed that debts and funeral expenses be paid; he made bequests of $1,000 to his wife and $500 to each of his children; and the residue of his estate he devised and bequeathed in trust. He appointed his wife and respondent bank as executors and trustees.   The third and fifth paragraphs of the will read:

"Third.   Subject to the payment of my debts as herein before provided, I hereby give, devise, and bequeath all of the rest, residue, and remainder of my estate, both real and/or personal, of every kind and character whatsoever and wherever situated, owned by me or in which I have any interest at the time of my death, to my wife, Natalie Anderson of Sioux Falls, South Dakota, and to the Security National Bank and Trust Company of Sioux Falls, a banking corporation of Sioux Falls, South Dakota, its successors or assigns, in trust, nevertheless, for the following uses and purposes, to-wit:

"To hold and to manage the same and collect and receive the interest, dividends, income, rents, issues, and prof-

its thereof, * * * and to pay the net income derived therefrom, each month, as follows: Two-fifths of said net income to my wife, Natalie Anderson, for and during her natural life; one-fifth of said net income to my daughter, Edna Anderson of Los Angeles, California, for and during her natural life; one-fifth of said net income to my son, Harold L. Anderson of Sioux Falls, South Dakota, for and during his natural life; and one-fifth of said net income to my daughter Dorothy E. Anderson of Sioux Falls, South Dakota, for and during her natural life.

"In the event of the death of my wife, the income which would have gone to her had she survived, shall go to all of my children in equal shares, should they all survive. In case any of my children should upon the death of·my wife be deceased, leaving issue, then in such case, the share of such income which said child would have received shall go to the issue of such deceased child in equal shares.

"In case any of my said children shall die without issue then the portion of the income which said child would have received shall be paid to my wife, should she survive, and my surviving children in equal shares. ·

"Should my said wife and all my said children die, then the said income shall be paid to the surviving issue of my said children in equal shares.

"Upon the death of my wife and of my children the trust estate shall terminate and my said trustee shall distribute the trust property remaining in its hands, together with any interest accumulated thereon to the issue of my children, if any, share and share alike absolutely, and if not any, to my heirs at law, according to the then existing laws of descent and distribution in force in the State of South Dakota."

"Fifth. The trustees may, in their sole discretion, whenever they deem necessary, encroach upon the principal of the trust estate in order to provide for the proper care, maintenance, and support of my wife, Natalie Anderson, and/or for the proper education, maintenance, care and support of my children, Edna Anderson, Harold L. Anderson and Dorothy E. Anderson."

The will was admitted to probate on February 7, 1938, by the county court of Minnehaha county. On October 7,

1939, Natalie Anderson petitioned the county court that the Albert Hotel in the city of Sioux Falls be set apart as her homestead. She set forth in her petition that this property had been occupied as a family home for many years preceding the death of her husband and that she has since continued to occupy this property as her homestead. On February 9, 1940, the county court granted the petition. Plaintiffs, the surviving children of deceased, then instituted the present action in the circuit court of Minnehaha county alleging that the claim of Natalie Anderson to a homestead estate was hostile and adverse to the testamentary disposition contained in the will and that she thereby elected to take adversely thereto. The prayer of the complaint was that the court enter judgment construing the will as intending that all the properties of the estate, including the Albert Hotel, should be devoted to the purposes of the trust established in the will and determining that the assertion of the homestead claim constituted an election on the part of Natalie Anderson to take such homestead right and waive provisions made for her under the will and that the maintenance of the homestead claim rendered impossible the achievement of the purposes of the trust established by the will and decreeing that the residue of the estate be distributed in equal shares among the plaintiffs subject to the homestead right of the mother in the hotel property. Natalie Anderson filed an answer and counterclaim acquiescing in the contention that she had elected to take adversely to the will, but asserting, however, that a one-third interest in the estate descended to her as intestate property. The Northwest Security National Bank, seeking dismissal of the action, took the position that the provisions of the will were not inconsistent with the statutory right of homestead and that the trust should be maintained. The court found the interests of the parties in accordance with the bank's contentions. Separate appeals were taken, one by the plaintiffs and the other by Natalie Anderson in her individual capacity.

The trial court found in substance that the financial condition of testator from the time of the execution of the will to the time of his death remained substantially the same; that the assets of the estate amounted to $109,591.98, including

the hotel property valued at $71,881.98; and that during such interval "the net annual income value of said Albert Hotel property was approximately $7,500.00 and the net annual income value of the entire balance of the estate was approximately $1,610.00." It is conceded by all the parties that appellant Natalie Anderson is entitled to possession of the hotel as a homestead. There is no express language in the will indicating that testator intended that his widow be required to elect to take either her statutory right of homestead or under the will. Appellants urge that although no such condition or declaration is expressed the widow must nevertheless elect which she will take if her claim of homestead is inconsistent with the provisions of the will and would defeat the intention of the testator.

The right to make a disposition of property by will is a statutory right and not an inherent right. Johnson v. Swenson, 57 S. D. 90, 230 N. W. 884. The homestead is vested in the widow by operation of law and she cannot be excluded from her homestead by devise made by her husband. SDC 56.0202. It is a principle of universal application that one who accepts a beneficial interest under a will thereby adopts the whole and renounces every right or claim inconsistent with the will. The husband may expressly devise a portion of his estate to his widow in lieu of the homestead and if she accepts the benefits of the will she relinquishes her homestead rights. This is predicated upon the obligation to elect between two in consistent or alternative rights. In the absence, however, of an express or implied intention on the part of testator that his widow should elect between a homestead right and the provisions made for her in the will, she takes both. Meech v. Estate of Meech, 37 Vt. 414; Ferguson et al v. Holborn et al., 106 Or. 566, 211 P. 953; Bomar v. Wilkins et al., 154 S. C. 64, 151 S. E. 110, 68 A. L. R. 501. The presumption is, in the absence of express provision or clear implication from the language of the will, that the testamentary provision for the widow is in addition to her homestead or other statutory share. 69 C. J., Wills, § 2406; Annotations: 22 A. L. R. 444, 68 A. L. R. 509. In Pomeroy's Eq. Jur., 5th Ed., it is said:

"In the absence of a statute, the same rules in reference to application of the doctrine of election apply to both dower and homestead. The presumption is that the testator did not intend to deprive the widow of any estate given her by law, and that the provisions of the will were intended as a bounty in addition to that which she already had. The widow is, therefore, entitled to claim the homestead as well as the benefits conferred by the will, unless the provisions of the will are so repugnant to the claim of homestead that they cannot stand together." § 505c.

The testator devised and bequeathed the residue of his estate in trust and the trustees are directed to pay the net income from the trust property to the widow and the three children. We do not think that the creation of the trust is repugnant to the claim of a homestead right. There is no indication in the will that testator intended to devise and bequeath to the trustees that which the law gives to the widow. In re Smith's Estate, 1 Misc. 269, 22 N. Y. S. 1067; Fenton v. Fenton, 35 Misc. 479, 71 N. Y. S. 1083; In re Fitter, 92 Misc. 706, 157 N. Y. S. 488; Van Arsdale v. Arsdale, 26 N. J. L. 404; McDermid v. Bourhill, 101 Or. 305, 199 P. 610, 22 A. L. R. 428.

Plaintiffs contend that the setting aside of the hotel as a homestead would defeat equality in the division of the income; that it is inconceivable that testator intended that the widow should receive the income from the hotel and two-fifths of the income derived from the remainder of the estate. It is not necessary to the right of the widow to take both the homestead and the provision made for her in the will that the testator so intended, but on the contrary there must appear a clear intention, either express or implied, that the provision made in the will for the widow is in lieu of the homestead right. Testator in the case of In re Hatch's Estate, 62 Vt. 300, 18 A. 814, 816, 22 Am. St. Rep. 109, devised the residue of his estate, real and personal, one-third to his wife, two-ninths to one of his daughters and four-ninths to a son. The court thus speaks of such a contention:

"The question is not what the testator probably intended. It is not for the court to determine, upon all that is contained

in the will, whether it is more likely that the bequest was intended to be in lieu of dower, or in addition thereto. It must be entirely inconsistent with an intention on the part of the testator that his widow should have dower in his estate. * * * In the case before us, it is not sufficiently clear from the terms of the will that it was the testator's intention to exclude his widow from taking a dower estate, if she accepted the provision made for her in the will. The devise is not inconsistent, with a dower estate, and therefore the widow was not obliged to make an election. She is entitled to the devise and dower."

In the early case of Lewis v. Smith, 9 N. Y. 502, 5 Selden 502, 61 Am. Dec. 706, the court said:

"The courts * * * do not einquire whether the testamentary provision is adequate, or reasonably proportionate to the value of the dower. * * * Where there is no direct expression of intention that the provision shall be in lieu of dower, the question always is, whether the will contains any provision inconsistent with the assertion of a right to demand a third of the lands, to be set out by metes and bounds. * * * The devises in the will must be so repugnant to the claim of dower that they cannot stand together."

From Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868, 869, 58 Am. Rep. 494, we quote:

"The intention of the testator to put the widow to an election cannot be inferred from the extent of the provision, or because she is devisee under the will for life or in fee, or because it may seem to the court that to permit the widow to claim both the provision and dower would be unjust as a family arrangement; or even because it may be inferred or believed, in view of all the circumstances, that, if the attention of the testator had been drawn to the subject, he would have expressly excluded dower. * * * The proceeds of the testator's estate were by the will to be equally distributed. It left untouched the dower of the widow, which he could not sell or authorize to be sold, and which was a legal right not derived from him, and paramount to all others. It may be conjectured, perhaps reasonably inferred, that the testator really intended the provision for his wife to be exclusive of any other interest, but so it is not written in the will, and we

are not permitted to yield any force to the suggestion. It is a question of legal interpretation, which has been settled."

In Garrett v. Vaughan, 59 S. C. 516, 38 S E. 166, 168, the will directed that the proceeds from the rentals of testator's real property be divided between his wife and two daughters in the proportions of one-half to his wife and one-fourth to each of his daughters and that upon the death of his wife that the whole of his estate be equally divided between the daughters. The court holding that the widow was not required to elect said:

"The only effect of allowing the claim of dower in this case is to reduce the number of acres which were to be rented annually by his executrices, and out of the proceeds of which they were to receive a proportionate share during the lifetime of the widow. This would not interfere with the scheme of the will any further than might naturally be expected in any case where dower is allowed, nor do we see any repugnancy between the provision of the will and the claim of dower other than must necessarily arise in every case giving rise to the question."

The testator may not have intended the testamentary provisions for the widow in addition to her homestead. But we are not permitted to speculate as to his intent. Effect may be given to the homestead right and the provisions made for the widow in the will without offending any purpose indicated by testator and we are convinced that the widow is entitled to her homestead in addition to the benefits conferred by the will.

The judgment appealed from is confirmed. No costs to be taxed.

All the Judges concur.